UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER FOR DISCLOSURE OF TELECOMMUNICATIONS RECORDS FOR CELLULAR TELEPHONE NUMBER (856)316-5805 WITH PUSH TO TALK FEATURE 183*618*1366

: Crim. No. 06-699 (RBK)

:

: APPLICATION

:

:

This matter having come before the court upon the application of Christopher J. Christie, United States Attorney for the District of New Jersey (by Jacqueline M. Carle, Assistant United States Attorney), for an Order pursuant to Title 18, United States Code, Sections 2703(d), 3121-3127, requesting the production of certain telecommunications records.

Specifically, this Application seeks an Order directing Sprint/Nextel Corporate Security to provide to the agents of the United States Federal Bureau of Investigation ("FBI"), the following telecommunication records and all necessary assistance pertaining to cellular/wireless telephone number 856-316-5805 with push to talk feature 183*618*1366, for the time period between December 2, 2005 through August 23, 2006:

1. Any and all cell site activations and any other precision location information, including cell site information for UFMI and/or Direct Connect communications;

2. Numbers dialed; including "fraud buster" reports, SMS and text message origination and termination, dialed digit extraction;

3. Incoming numbers if identified;

4. Call durations;

5. Subscriber, ESN/IMSI and billing information for the specified cellular/wireless telephone;

6. Subscriber, ESN/IMSI and billing information for the specified cellular/wireless telephone;

7. An engineering map, showing all cell-site tower locations/addresses, sectors and orientations; and a list of control channels/radio channels and their corresponding cell sites;

8. The physical address/location of all cellular towers in the specified market;

9. That the telecommunications providers for this cellular/wireless number provide twenty-four hour a day switch based engineering and technical assistance; this is to include any assistance or access necessary to facilitate the installation of a pen register and/or trap and trace device to include switch based solutions or the CALEA Delivery System (UPON REQUEST);

10. Any and all information regarding features such as Boost Multimedia Messaging Service (MMS), MMS Usage, enhanced text messaging, short message service, packet data usage, three-way calling, call waiting, call forwarding, Sprint Wireless Direct Connect, Direct Connect Cross Fleet, Nationwide Direct Connect, or International Direct Connect;

11. Records and assistance requested in this Application shall be provided to any agent of the FBI upon request;

12. Provide a list of control channels/radio channels and their corresponding cell sites;

13. That the telecommunications providers for this cellular/wireless numbers and their resellers not terminate or restrict service to any cellular/wireless telephone covered by this order, for the duration of the order;

14. That this order shall cover and be applied to any cellular/wireless MIN or ESN/IMSI that the subscribers of the phones covered by this order may change service to for the duration of this order.

In support of this application, Assistant United States Attorney Jacqueline M. Carle states the following:

1. Applicant is an "attorney for the government" as defined in Rule 1(b) of the Federal Rules of Criminal Procedure and, therefore, pursuant to Title 18, United States Code, Sections 2703(d), 3121-3127, may apply for disclosure of telecommunications records.

2. Applicant certifies that the information sought is relevant and material to an ongoing criminal investigation, to wit: that the FBI is conducting a continuing investigation into nine armed bank robberies ("the instant bank robberies"), committed between December 2, 2005 and August 1, 2006, which the government asserts were by STEVEN GANTT ("GANTT"), KEVIN TAYLOR. ("TAYLOR"), and WALTER JOHNSON ("JOHNSON") for violations of, *inter alia*, Title 18, United States Code, Section 2113(d). It is believed that the requested telecommunications records will assist the FBI in the investigation of

the above-referenced bank robberies, which share numerous common features. Each bank robbery was committed by two to three males against banks in southern New Jersey and York, Pennsylvania. In seven of the bank robberies, a stolen vehicle was used. In each bank robbery, the vehicle was stolen by punching out the ignition. In each bank robbery, the robbers entered the bank wearing masks and gloves. In each bank robbery, the robbers were armed with handguns. In each bank robbery, at least one of the males vaulted the counter to collect money from teller drawers while the others used threats and profanity to order bank employees and customers to the floor. After each bank robbery, the stolen vehicle was abandoned near the robbed bank and the robbers likely entered a "switch" vehicle.

3.  Investigation has revealed that GANTT and two co-defendants were arrested in 1998 for committing a spree of bank robberies. GANTT was subsequently convicted and sentenced for committing approximately 13 bank robberies in southern New Jersey (the "13 bank robberies") using the same modus operandi described in paragraph 2. In the 13 bank robberies, GANTT and his co-defendants used a stolen vehicle which had been stolen by punching out the ignition. In the 13 bank robberies, the robbers were armed with handguns, wore masks and gloves, and used threats and profanity to order bank employees and customers to the floor while one robber vaulted the counter to collect money. After each of the 13 bank robberies, the stolen vehicle was abandoned near the robbed bank and GANTT, along with his co-defendants entered a "switch"

vehicle.

4. GANTT served 96 months in federal prison as a result of his conviction for the 13 bank robberies. He was released in August, 2005, approximately three months prior to the first of the instant bank robberies. Prior to December, 2005, law enforcement was unaware of any unsolved bank robberies using the above-described modus operandi. The cellular/wireless telephone number 856-316-5805 with push to talk feature 183*618*1366 is a telephone number associated with GANTT. GANTT's cellular telephone number places outgoing calls to, or receives incoming calls from, cellular/wireless telephone numbers associated with TAYLOR and JOHNSON in or about the times of several of the instant bank robberies.

5. On or about August 23, 2006, law enforcement arrested GANTT and JOHNSON in connection with 8 robberies committed in Southern New Jersey area from December 2, 2005 through July 21, 2006. JOHNSON provided a taped statement to law enforcement implicating GANTT, TAYLOR, and himself in the robberies and provided information relevant to the August 1, 2006 bank robbery of a Commerce Bank located in York, Pennsylvania. JOHNSON subsequently entered into a cooperation agreement with the government and entered a guilty plea before The Honorable Robert B. Kugler.

6. On or about June 26, 2007, a federal grand jury sitting in Camden, New Jersey returned a 17-count Superseding Indictment charging GANTT and TAYLOR with violations of Title 18, United States Code, Section 1951(a)

(Conspiracy to Commit Robbery), Title 18, United States Code Section 2113(d) (Armed Bank Robbery), and Title 18, United States Code, Section 924(c) (Use and Carry a Firearm During and in Relation to a Crime of Violence).

7. On or about January 22, 2008 began the trial involving GANTT and TAYLOR before The Honorable Robert B. Kugler, United States District Court, in Camden, New Jersey. On or about February 11, 2008, the judge declared a mistrial after the jury was unable to reach a verdict. This matter is scheduled to be retried on February 26, 2008.

8. Applicant requests that the Court issue an order pursuant to Title 18, United States Code, Sections 2703(d), 3121-3127, directing Sprint/Nextel Corporate Security to provide the requested records and assistance to agents of the FBI.

WHEREFORE, it is respectfully requested that the Court grant an order directing Sprint/Nextel Corporate Security to furnish the requested records and technical assistance.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
United States Attorney

*Jacqueline Carle*
JACQUELINE M. CARLE
Assistant U.S. Attorney